**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MUSTAFA OZSUSAMLAR,**

**Petitioner,**

**v.**                                                    **Civil Action No.: 3:23-CV-120
(GROH)**

**H. RAY,**

**Respondent.**

**REPORT AND RECOMMENDATION**

### I.    INTRODUCTION

On May 5, 2023, Petitioner, a federal inmate, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary procedure. ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

### II.    FACTUAL AND PROCEDURAL HISTORY

**A.    Prison Disciplinary Proceedings**

The Petitioner was charged with the prohibited offense of phone abuse-disrupt

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-120, unless otherwise noted.

monitoring. ECF Nos. 9-4 at 5. The offense was alleged to have occurred on July 7, 2022, but not charged until August 11, 2022, when the violation was discovered. Id. Incident Report 3661577 was filed, which charged Petitioner with a violation of Prohibited Act Code 297. Id. The incident report prepared by Francis Vankirk on August 11, 2022, charged that:

> On 08-11-2022, at approximately 1225 hrs, I Counselor F. Vankirk was monitoring inmate phone calls from M4 unit. Inmate Ozsusamlar, Mustafa #18118-050 can be heard allowing [inmate] [redacted] to use his pac and pin number to complete a call. Specifically, on 07-07-2022 at 1006 hrs, I/M Ozsusamlar is heard initiating a phone call on phone station 6147 which is in the Unit M4 Dayroom. At the beginning of the call I/M Ozsusamlar can be heard entering a pac and pin number and then stating United States of America when prompted. I/M Ozsusamlar has a distinct accent to his voice. After the phone call is accepted the voice on the phone call has a definite and distinct change. The person who then speaks on the call is I/M [redacted]. I/M [redacted] then has a (2) minute conversation with an unidentified female during the phone call. Upon checking the number called [ ], it is listed on I/M [redacted] contact list as belong to [a friend]. The number is listed on I/M Ozsusamlar's contact list as well under the name District Clerk of Court. While checking the number it was also discovered that this number had been called (120) times between 06-28-2022 and 08-11-2022 under (7) different names. (32) of the calls were placed from M4 Unit. (31) of those calls were placed under I/M [redacted] pac and pin. I/M Ozsusamlar had (1) call placed under his pac and pin. The remainder of the calls were placed from M1 Unit. During the calls placed by I/M [redacted] he would call the number and then talk to the unidentified female about stocks, giving her instructions on what to sell, buy or what to watch. This is the same manner of call that was placed by [redacted] under I/M Ozsusamlar pac and pin. The names of the inmates that the calls were placed under are as follows: . . . I/M Ozsusamlar, Mustafa M4 Unit #18188-050 (1) call. . . . I am familiar with I/M [redacted's] voice from listening to his phone calls. According to sentry both I/M [redacted] and I/M Ozsusamlar are housed in M4 Unit.

ECF No. 9-4 at 5.

2

J. Haggerty delivered Petitioner a copy of the Incident Report on August 11, 2022. Id. at 5 – 6. On August 12, 2020, the Unit Discipline Committee (UDC) recommended referring the charge to the DHO for hearing, and the loss of 27 days of Good Conduct Time (GCT), 15 days of Disciplinary Segregation (DS), and 120 days of LP Comm[issary]. Id. at 6. On that same date Petitioner was provided notice of his rights related to the discipline hearing Before the Discipline Hearing Officer. Id. at 8. Further, the Petitioner was provided a "Notice of Discipline Hearing Before The (DHO) CDFRM." Id. at 9. On the form, which Petitioner signed, he indicated that he did not wish to have a staff representative at the DHO hearing, and did not wish to call witnesses. Id.

The Discipline Hearing was held on August 25, 2022, at which time Petitioner again waived his right to have a staff representative assist him at the hearing. ECF No. 9-4 at 1. Petitioner did not call any witnesses, but provided the following statement: "Yes, I let him use my phone, it is a 397 not a 297." Id. at 1 – 2. The DHO Report notes that Petitioner "had no documentary evidence to present." Id. at 1. Further, the DHO Report states that the Petitioner "did not request review of video evidence at any stage of the discipline process." Id.

Following the hearing, the DHO found that Petitioner committed the prohibited act of Use Of The Telephone for Abuses Other Criminal Activity, in violation of Code 297. Id. at 2. The DHO wrote in his report that he relied on the reporting officer's written account. Id. Further, the DHO wrote:

> In making this decision the DHO gave the greater weight of evidence to the reporting officer's written account than to your claim that you let him use your phone, it should be a 397 not a 297. This decision was based upon your own admission that you allowed inmate [redacted] access to your ITS account, which is prohibited. The Inmate Discipline Policy (PS 5270.

09) clearly identifies any behavior that circumvents the ability of staff to monitor frequency of telephone use, content of the call or the number called as a violation of code 297. In this case the content of the call and the number dialed can be determined, however, by allowing another inmate[ ] to access your ITS account staff are impeded from monitoring the frequency of use the ITS system by both inmates.

Your assertion that it should be charged as a 397 and not a 297 was considered but insufficient to excuse you from the offense. Regardless of your claim that the charge should be a 397 the fact remains that your actions circumvented phone monitoring procedures thus constituting the prohibited act 297. You like every inmate must follow the procedure established governing the use of the inmate telephone system.

Therefore, based on the evidence outlined above, the DHO finds the greater weight of evidence to support that you committed the prohibited act Use of The Telephone For Abuses Other Than Criminal Activity, code 297.

ECF No. 9-4 at 3. As a result of his conviction, Petitioner was sanctioned to 27 days loss of good conduct time, and 90 days of loss of telephone privileges. Id. at 4.

**B.    Instant § 2241 Petition**

Petitioner asserts four grounds for relief: (1) that the incident report was filed 34 days after the alleged incident, thereby violating Bureau of Prisons rules for untimely filing ECF No. 1 at 5]; (2) the untimely DHO report violated BOP program statements and cited to an improper incident code of 297, instead of 397 [Id. at 5 – 6]; (3) the Petitioner was charged under the incorrect disciplinary code section and was found guilty "without any evidence" [Id. at 6]; and (4) the DHO report was incorrect and intended as retaliation to prevent the Petitioner from earning credit under the First Step Act and Petitioner's transfer [Id. at 6 – 7].

Petitioner claims that he exhausted the grievance procedure and asserts that he

presented his claim to the prison's internal grievance procedure, but states that his claims were denied. Id. at 7. Petitioner also asserts that he presented his claim to the Bureau of Prisons but states that his claim was denied. Id. at 8. Petitioner requests that the DHO decision be overturned, that the incident report be expunged from his inmate file, and that 27 days of good conduct time be restored to him. Id.

Respondent filed a motion to dismiss or for summary judgment, with a memorandum and exhibits in support thereof, on June 12, 2023. ECF Nos. 9, 9-1 through 9-4. Respondent argues that the Petitioner's due process rights were not violated during his disciplinary proceedings because he received all the due process to which he is entitled under Wolff v. McDonnell:

(1)     the incident report was delivered to Petitioner on August 12, 2022, more than 24 hours in advance of the Discipline Hearing which occurred on August 25, 2022;

(2)     the Petitioner received the DHO report on October 27, 2022, which detailed the evidence relied upon and the reasons for taking any disciplinary action;

(3)     the Petitioner received a notice of and a copy of his rights for the disciplinary hearing before the DHO, and was advised of the right the Petitioner was offered an opportunity to call witnesses, present documentary evidence, and request a staff member to be present, but Petitioner declined to call witnesses or request a staff member's presence;

(4)     that the Petitioner is not illiterate and the disciplinary proceedings did not involve complex issues; and

(5)     the Petitioner was provided an impartial DHO who based his decision

solely on the evidence presented at the hearing.

ECF No. 9-1 at 10 – 11. Further, the Respondent argues that the Petitioner is not entitled to relief because the DHO's opinion was founded upon "some" evidence in finding the Petitioner committed the violation as charged. Id. at 13 – 14.

On July 31, 2023, the Petitioner filed a response[2] which asserted that: (1) there was no evidence to support his conviction; (2) the incident was alleged to have occurred on July 7, 2022, but that the incident report was not prepared or served upon the Petitioner until August 11, 2022; (3) he received no UDC hearing; (4) the DHO made a determination without considering the Petitioner's statement; (4) the Petitioner did not timely receive the written DHO decision; and (5) institution staff knowingly submitted false information as part of the incident report. ECF No. 13.

The Respondent did not file a reply.

### III.    STANDARD OF REVIEW

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se*

---

[2] The Petitioner filed a single-page response on July 7, 2023, which asserted that he did not receive the Roseboro notice issued by the Court. ECF No. 12.

pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C.      Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary proceeding. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015).

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### D.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.    Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However,

"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." <u>Anderson</u>, <u>supra</u>, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Id.</u> at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id.</u> "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than

encourage mere speculation. <u>Anderson</u>, <u>supra</u>, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, <u>supra</u>, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Id.</u> citing <u>First Ntl. Bank of Ariz. v. Cities Service Co.</u>, 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See <u>Miller v. Fed. Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Matsushita</u>, <u>supra</u>, at 587-88. <u>Anderson</u>, <u>supra</u>, at 248-49.

## IV.    ANALYSIS

It appears to the Court that when substantively considered, Petitioner's claims are without merit. Petitioner contends that his due process rights were violated during the prison disciplinary process, including the alleged untimely filing of the incident report, untimely receipt of the DHO report following the August 25, 2022, DHO hearing, improperly charged disciplinary code infraction, and an incorrect finding by the DHO which led to a "retaliatory" denial of eligibility to earn First Step Act time credits, or transfer. ECF No. 1 at 5 – 7.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1.      giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2.      providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3.      allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4.      if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5.      providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons. First, Petitioner received notice of the incident report on August 12, 2022, thirteen days before the DHO hearing. ECF No. 9-4 at 9. Second, the DHO Report includes several paragraphs which explain the specific evidence relied on to support the findings, including the incident report itself, and the statements of Petitioner. Id. at 3. Third, Petitioner was offered the opportunity to call witnesses, which he declined to do, although he did make a statement in his own defense. Id. Fourth, Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case; thus, Petitioner did not require the aid of a fellow prisoner or staff. Nevertheless, Petitioner was offered but declined staff aid at the hearing before the

12

DHO. Id. at 1. Finally, the DHO was an impartial factfinder. Disciplinary Hearing Officer D. Huff was not the individual who authored the Incident Report. ECF No. 9-4 at 4, 5.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455. (1985) ("due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457). Determining whether there is some evidentiary basis to support a decision:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56.

In this case, the Disciplinary Hearing Officer found Petitioner guilty of Use Of The Telephone For Abuses Other Than Criminal Activity, in violation of Prohibited Acts Code § 297. The reasons listed by the DHO for his finding, included the statement of the reporting staff member in the Incident Report. ECF No. 9-4 at 2 – 3. The DHO also considered the statement of Petitioner, but found the greater weight of the evidence supported Petitioner's conviction. Id.

This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, was met. Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence and that the Petition should be denied.

## V.    RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus

Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED.** It is further **RECOMMENDED** that Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 9] be **GRANTED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:**      October 5, 2023

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE