**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MUSTAFA OZUSAMLAR,**

      Petitioner,

v.                                                 **CIVIL ACTION NO.: 3:23-CV-120
(GROH)**

**H. RAY, Warden,**

      Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on October 5, 2023. ECF No. 14. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Magistrate Judge Trumble recommends that this Court (1) deny and dismiss with prejudice the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] and (2) grant the Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 9]. Id. The Petitioner timely filed objections on October 30, 2023. ECF No. 16.

### I. BACKGROUND

On May 5, 2023, the Petitioner filed a Petition listing four grounds for relief. ECF No. 1. Specifically, the Petitioner asserts (1) the relevant incident report was untimely

filed; (2) the relevant incident report improperly cited to incident code 297, rather than 397; (3) he was found guilty "without any evidence;" and (4) the relevant incident report was intended "only for punishment and blocking" the Petitioner from receiving time credit under the First Step Act. ECF No. 1 at 5–7. Upon reviewing the record, the Court finds the background and facts as explained in the R&R appropriately describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts in this Order.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. That said, the Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections waives de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260–61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the [C]ourt to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v.

Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation is required of the district court when adopting an R&R).

## III. DISCUSSION

Upon review of all the filings, the Court finds the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. The Petitioner's objections reiterate the arguments presented to the magistrate judge in the Petition. See ECF No. 1. Moreover, to the extent the Petitioner references the R&R at all, he does so generally and "devoid of any reference to specific findings or recommendations." Mario 313 F.3d at 766; see, e.g., ECF No. 14 at 1 (the Petitioner stating that he objects to Magistrate Judge Trumble's R&R before reiterating the arguments presented in his Petition). Thus, the Court finds de novo review is not required because the Petitioner's objections present no new legal arguments, and the factual presentation was properly considered by the magistrate judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260–61.

## IV. CONCLUSION

Finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 14] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in it. The Petitioner's Petition [ECF No. 1] is **DISMISSED WITH PREJUDICE**. Further, the Respondent's Motion to Dismiss [ECF No. 9] is **GRANTED**.

The Clerk of Court is **DIRECTED** to **STRIKE** this case from the Court's active docket. The Clerk is **FURTHER DIRECTED** to transmit copies of this Order to all counsel

of record and to the *pro se* Petitioner, by certified mail, return receipt requested, at his last known address as reflected upon the docket sheet.

**DATED:** January 4, 2024

                                                        GINA M. GROH  
                                                        UNITED STATES DISTRICT JUDGE